## PEET, SIMS & Co. v. J. A. ZANDERS.

Where a note due on the 11th of a month was protested on the 12th, *Held :* the endorser was discharged.

Where the maker has no place of business, a demand at an office in which he had recently transacted his business will be considered sufficient to bind the endorser.

Notice of protest to an endorser residing in the city may be properly deposited in the post-office when the notary, after due dilligence, has not been able to find him or his residence, or place of business.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Edwards* and *G. W. Christy*, for plaintiffs. *W. C. Budd*, for defendant. The judgmant of the court was pronounced by

SLIDELL, J. One of the notes upon which this suit is brought against *Zanders*, the endorser, was dated February 8th, 1849, and was payable four months after date. It was consequently due on the 11th of June. It was protested on the 12th June, and notice was put into the post office at New Orleans, addressed to the endorser at New Orleans, on the 13th. It thus appears that there was not a timely presentment. It should have been presented on the 11th June. The endorser was consequently discharged and there is no evidence of any subsequent promise. The judgment, as to this note, must be reversed.

There is no sufficient ground for disturbing the judgment as to the other note. The district judge must have inferred, from the evidence, that the store where the presentment was made, had been recently occupied by the maker; the person in whose occupancy the notary found it could give him no information as to his whereabouts; and there is no evidence whatever on the part of the defendant to show that he had any *other place of business, or* dwelt, or was present in the city or State at the time.

It is said, however, that *Zanders* was an old resident of New Orleans; had occupied, for more than a year, a dwelling house in the city, and that the notary did not make sufficient inquiry before depositing the notice in the post-office. The district judge was of opinion that reasonable diligence had been used, without success, to find out *Zanders* or his place of abode ; and a consideration of the evidence has not satisfied us that his conclusions should be disturbed by this court. *Zanders* had formerly been a shipping master and kept an office as such. He continues still to do something in that way, but had kept no office of late years, and in 1849 his name was not in the directory. The notary's clerk very properly went to that quarter of the city where he formerly kept an office, and inquired at a shipping office. The clerk of the office told him that *Zanders* had

formerly staid at that office, but had left a few days before, and the person could not say where he was to be found or where he resided. The witness then made inquiries at the boarding houses for sailors in that neighborhood and elsewhere, but without success.

It is therefore ordered, adjudged and decreed, that the judgment of the court below as to the note of $309 52 be reversed. And it is further ordered, adjudged and decreed, that said judgment as to the residue be affirmed; the plaintiff and appellees paying the costs of this appeal.